In re Edward M. EASSA, Melinda Mae Eassa, Debtor(s).

GENERAL ELECTRIC CREDIT COMPANY, Plaintiff,

v.

Edward M. EASSA, Melinda Mae Eassa, Defendants.

Adv. No. 1–81–0184.

United States Bankruptcy Court, S. D. Ohio, W. D.

Jan. 11, 1982.

John L. Berg, Cincinnati, Ohio, for debtors.

Paul E. Lukey, Cincinnati, Ohio, for General Elec. Credit Co.

Edward M. Eassa, Melinda Mae Eassa, pro se.

## DECISION

BURTON PERLMAN, Bankruptcy Judge.

The underlying consumer Chapter 7 bankruptcy case out of which this adversary proceeding arises, is otherwise unremarkable. A difficulty has, however, arisen in connection with a reaffirmation agreement pursuant to 11 U.S.C. § 524(c) and (d). That is, the parties to this adversary proceeding entered into a reaffirmation agreement which plaintiff, the creditor, seeks to rescind, while defendants/debtors desire that the agreement be enforced. The matter came on for trial at which time plaintiff presented evidence in support of its case. Defendant elected not to present evidence, and moved to dismiss the complaint at the conclusion of plaintiff's case.

The evidence shows that defendant entered into a retail installment contract on January 21, 1980 which was assigned by the dealer to plaintiff, General Electric Credit Company. The subject matter of the agreement was a 1979 Fleetwood mobile home. The cash purchase price was $13,-800.00 and a $2,070.00 down payment was made so that the unpaid balance of the purchase price was $11,730.00. To reach the total amount to be repaid by debtors, various charges were added, the most significant of which was the finance charge of $12,148.15 resulting in a deferred payment price of $27,041.90. An annual percentage rate of 13% was set. The agreement provided that repayment was to be made at the rate of $172.22 per month for a period of 145 months. On February 18, 1981 debtors filed a petition for bankruptcy relief. Counsel for creditor, Paul E. Lukey, Esq. then prepared Reaffirmation Agreement, and sent it to counsel for debtors on April 6, 1981. That agreement stated that debtors were indebted on the debt in the amount of $11,818.50, and called for repayment of that amount at the rate of $172.22 per month. This agreement was signed by Lukey on behalf of plaintiff, and by debtors bearing the date April 20, 1981. By the time of letter dated May 26, 1981, Lukey had discovered that he was in error in the April 20, 1981 agreement, in that he had provided only for repayment of the principal amount and had neglected to include any amount for finance charge. Because of this, Lukey submitted a revised agreement which would include the finance charge, to debtors, which they declined to execute.

The facts in the case are not complicated and really are not disputed. This is not a case of mutual mistake of fact, but rather one of unilateral mistake, and the question is whether the erring party will be held to its agreement under any and all circumstances regardless of the surrounding circumstances.

We must, of course, look to the law of Ohio in the first instance to ascertain the applicable law. *Erie Ry. Co. v. Tompkins* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). We have found no cases directly in point in Ohio, but there are suggestions in a number of Ohio cases that unilateral mistake may under certain circumstances excuse performance of a contract. See *Arthur Coal and Coke Co. v. Pittsburg Coal Co.*, 17 Ohio C.C.R. (N.S.) 491 (Cuyahoga County, 1911) aff'd. 105 N.E. 766, 88 Ohio St. 621 (1913); *Ohio Farmers Insurance Co. v. Clinton Cty. Nat. Bank*, 37 O.O.2d 206, 207, 8 Ohio Misc. 226, 220 N.E.2d 381 (C.P.

Clinton, 1964); *Wargo Builders v. Cox Plumbing*, dictum at p. 5, 26 O.App.2d 1, 268 N.E.2d 597. (We think that the observation by the court in *Ohio Farmers Insurance Company*, supra, that there is a tendency on the part of courts to "fictionalize" fact situations as mutual mistake when in fact there is unilateral mistake only, is well taken. *See e.g. Stewart v. Gordon*, 60 Ohio St. 170, 53 N.E. 797.)

Based upon the views which are evidenced in the foregoing Ohio authorities, we are persuaded that the following statement of law to be found in the Restatement of Contracts 2d section 153 would be accepted by the courts of Ohio:

"§ 153. When Mistake of One Party Makes a Contract Voidable.

Where a mistake of one party at the time a contract was made as to a basic assumption on which he made the contract has a material effect on the agreed exchange of performances that is adverse to him, the contract is voidable by him if he does not bear the risk of the mistake under the rule stated in § 154, and

(a) the effect of the mistake is such that enforcement of the contract would be unconscionable, or

(b) the other party had reason to know of the mistake or his fault caused the mistake."

Applying this statement of applicable law to the facts of this case leads us to the conclusion that plaintiff is entitled to relief. The evidence here indicates that all that happened between the parties in connection with the entering into of a reaffirmation agreement was an expression on the part of defendants that they wished to reaffirm, while plaintiff was agreeable to a reaffirmation. There was no negotiation between the parties having the objective of reduction in the amount of indebtedness reaffirmed. Lukey then prepared an agreement for reaffirmation and forwarded it to counsel for debtors. The amount stated in the agreement was about half that of the original agreement. This resulted from the mistake by Lukey in failing to include in the total any amount to be paid as interest charges as would be expected in a deferred payment agreement. There is no evidence that defendants have changed their position in any way based upon their reaffirmation agreement. Under the circumstances, it is clear to us that the disparity between the amount owed prior to bankruptcy, and the amount of the reaffirmation agreement was so great that defendants must have known that a mistake was made, and it would be unconscionable to permit the reaffirmation agreement to stand, where this is the case.

We have carefully considered the position taken by defendants, that all of the indicia of a valid contract were present and the parties are bound thereby in the absence of a mutual mistake, but we have concluded that this is not an adequate statement of the law.

In its complaint, plaintiff seeks relief in the alternative by way of reformation or rescission. It is not appropriate for this court to reform the agreement between the parties; rescission is the appropriate relief. It will be ordered upon the presentation of an appropriate entry by plaintiff within 10 days from the date of this decision, though defendants must be given an opportunity to reaffirm on their mobile home if they wish, though on terms more in accord with the realities of the situation.