**In re Debra OLLIE, Debtor.**

**Bankruptcy No. 96–34959–B.**

United States Bankruptcy Court,
W.D. Tennessee.

March 31, 1997.

---

Benjamin T. Wages, Jr., Memphis, TN for Creditor.

Ellen E. Fite, Memphis, TN for the Debtor.

## MEMORANDUM OPINION ON CREDITOR'S MOTION TO RESCIND REAFFIRMATION AGREEMENT

WILLIAM HOUSTON BROWN,
Bankruptcy Judge.

Pending before the Court is the motion of Associates Financial ("Associates") to rescind a reaffirmation agreement. At issue is whether a unilateral mistake made by that creditor will allow the creditor to rescind the agreement. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O). Based on the analysis below, the creditor's motion will be denied and the reaffirmation agreement will remain binding on the parties. The following constitutes findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052.

### FACTUAL SUMMARY

The pertinent facts giving rise to the instant controversy are undisputed.[1] The debtor has two separate and distinct accounts with Associates. The first account was secured by a nonpurchase-money lien on a portion of the debtor's personal property. This lien has since been avoided pursuant to 11 U.S.C. § 522(f)(1)(B), and Associates does not contest this lien avoidance. The debtor's second account is secured by a purchase-money security interest ("PMSI") in the debtor's bedroom furniture. The balance on this second account is approximately $941.00.

At the section 341 meeting of creditors, the parties proceeded to negotiate a reaffirmation agreement. The debtor, her attorney, and the creditor's attorney reached an agreement to reaffirm a debt for $300.00, and on December 18, 1996 a reaffirmation agreement was filed with the Clerk. That agreement was signed by the debtor, the debtor's attorney, and the creditor's attorney as agent for Associates, and the agreement states that the debt "is secured by PMSI–Furniture." The debtor has tendered payments under the terms of the reaffirmation agreement. The creditor rejected those payments and now seeks to rescind the agreement based on its agent/attorney's unilateral mistake. Specifically, the creditor's attorney states that he thought the reaffirmation agreement was related to the nonpurchase-money account, and the creditor says that it would not have reaffirmed the purchase-money account for less than the full balance. On the other hand, the debtor says that she knew she was reaffirming in order to retain her bedroom furniture, which she believed to have a value of approximately $300.00.

### DISCUSSION

A reaffirmation agreement is a contract that establishes a new repayment obligation, and the law governing such contracts is the "applicable nonbankruptcy law." 11 U.S.C. § 524(c). In order to determine the applicable law in this case, this Court is required to examine Tennessee state law. *Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). In *Cofrancesco Constr. Co. v. Superior Components, Inc.,* 52 Tenn.App. 88, 371 S.W.2d 821

---

**1.** This Court held a hearing on March 20, 1997. At the hearing, the parties stipulated to the relevant facts.

(1963), the Court of Appeals of Tennessee announced the law concerning the recission of contracts based on a unilateral mistake. That court concluded that relief from the effect of a unilateral mistake will be allowed where one party knows or has reason to know of the other's error. *Id.* at 823. In addition, courts have generally granted relief from the effect of a unilateral mistake, through recission, where enforcement of the contract as made would be unconscionable. *Id.* at 823, 824. See also, *Mullins v. Parkey,* 874 S.W.2d 12 (Tenn.Ct.App.1992); *General Electric Credit Co. v. Eassa (In re Eassa),* 19 B.R. 153, 154 (Bankr.S.D.Ohio 1982) (citing Restatement of Contracts 2d, § 153).

■ In this case, the stipulated facts do not establish that this debtor had any reason to know that the creditor was making a mistake. The reaffirmation agreement clearly states "PMSI–Furniture," and "Furniture" is written in the same blue ink as that used in the written terms of $300.00 at $30.00 per month beginning January 20, 1977. This is also the same ink used in the signature of the creditor's attorney, who signed the reaffirmation as the creditor's agent. Furthermore, the debtor estimated that the used bedroom furniture had a value of approximately $300.00, and no valuation proof was offered by the creditor. The debtor had intended to surrender this furniture to Associates until the $300.00 amount was negotiated. Based upon these facts, there is no indication that the reaffirmation agreement or its negotiation would have put the debtor on notice of a unilateral mistake by the creditor. Moreover, no proof has been offered to the Court to explain why the creditor believes that this debtor would reaffirm the other nonpurchase-money loan. It has not been suggested, for example, that the nonpurchase-money loan was subject to a dischargeability complaint, and no such complaint has been filed. The totality of facts and circumstances surrounding this reaffirmation agreement do not lead to a finding that the debtor took advantage of the creditor's agent's unilateral mistake.

■ This Court also concludes that enforcement of the reaffirmation contract would not be unconscionable. Under the terms of the reaffirmation agreement, the creditor will receive $300.00 for the used bedroom furniture. The only value proof offered was in the stipulation that the debtor believed the furniture to have that value. If this Court were to allow the creditor to rescind the agreement, the creditor would most likely repossess and sell the furniture. Considering the market for used furniture, it would be speculation as to whether this creditor would receive more or less than $300.00 for used goods such as these. The creditor has given the Court no basis to find that the debtor would receive a windfall benefit by paying only $300.00 for the furniture. Even assuming that the creditor could sell the furniture for more that $300.00, it is not the business of the courts to save a party from a bad bargain. *U.S.F. & G. Co. v. Barber,* 70 F.2d 220, 226 (6th Cir.1934).

## CONCLUSION

Based on the analysis above, by separate order, the creditor's motion to rescind the reaffirmation agreement will be denied.