MARSHALL et al., Appellees,

v.

BEACH, Appellant.

[Cite as *Marshall v. Beach* (2001), 143 Ohio App.3d 432.]

Court of Appeals of Ohio,
Eleventh District, Trumbull County.

No. 2000–T–0076.

Decided May 29, 2001.

*David D. Daugherty,* for appellees.

*Letson, Griffith, Woodall, Lavelle & Rosenberg* and *Bruce M. Broyles,* for appellant.

CHRISTLEY, Judge.

This is an accelerated calendar appeal submitted to the court on the briefs of the parties. Appellant, Alan D. Beach, appeals from a final judgment of the Trumbull County Court of Common Pleas enforcing a settlement agreement that he had negotiated with appellees, Charles C. Marshall, Jr. and Kristine M. Marshall.

The following facts are relevant to this appeal. Appellant and appellees own adjoining pieces of property located on Stoddard Hayes Road in Farmdale, Ohio. As a result of a dispute concerning the property line, appellees filed a complaint against appellant asserting several causes of action, including reformation of deed, quiet title by adverse possession, assault and battery, and intentional infliction of emotional distress. Appellant filed an answer denying the allegations contained in the complaint.[1]

The case was assigned to a magistrate for mediation. After several hours of negotiations, the parties apparently agreed to a settlement satisfactory to both parties. On July 26, 1999, the trial court entered the following judgment entry:

"Case called for mediation at site before Magistrate Anthony M. Cornicelli. Case settled and dismissed with prejudice, each party to bear their own costs. Judgment entry to follow. Case concluded."

---

1. Appellant included a counterclaim with his answer.

No separate entry was ever filed, and the parties never completed a formal settlement agreement. Nevertheless, appellees filed a motion to enforce the settlement agreement with the trial on October 20, 1999. As a basis for their motion, appellees claimed that their attorney had prepared a settlement agreement together with a judgment entry dismissing the case. According to appellees, these documents were sent to appellant's attorney on July 21, 1999. However, in a letter dated August 11, 1999, appellant's attorney informed appellees that appellant would not sign the agreement and that he wished to proceed forward with the case.

The trial court conducted an evidential hearing on the motion to enforce on November 18, 1999. At the beginning of the proceedings, the parties stipulated that the proposed settlement agreement accurately reflected the notes taken by appellees' attorney and the magistrate during the negotiations. Appellant was the only person to testify at the hearing, and he essentially related that the agreement drafted by appellees' attorney did not accurately reflect the settlement terms as he remembered them. Thus, it was his position that the parties had never reached a true agreement because there had been no "meeting of the minds" with respect to some of the agreement's essential terms.

On May 15, 2000, the trial court issued a judgment entry granting the motion to enforce. In doing so, the trial court found that the parties had reached a full and complete understanding resolving the case, and that the proposed agreement was a fair and accurate statement of the terms and conditions of the settlement as agreed on July 9, 1999. The trial court then incorporated the settlement agreement into its decision and entered judgment accordingly.

From this judgment entry, appellant filed a timely notice of appeal with this court. He now asserts the following assignment of error for our consideration:

"The trial court erred by finding that an enforceable settlement agreement existed between the parties."

In his sole assignment of error, appellant claims that the trial court erred by finding that the parties had entered into an enforceable settlement agreement disposing of the case. Appellant puts forth three arguments in support of his position. For ease of discussion, we will take appellant's arguments out of order.

■ First, appellant maintains that the trial court did not have jurisdiction to entertain appellees' motion to enforce because the case had been unconditionally dismissed by the trial court on July 26, 1999. As a result, appellant submits that without a reservation of jurisdiction, appellees had to file a new cause of action alleging that he had breached the settlement agreement.

■■ "It is axiomatic that a settlement agreement is a contract designed to terminate a claim by preventing or ending litigation and that such agreements are valid and enforceable by either party." *Continental W. Condominium Unit Owners Assn. v. Howard E. Ferguson, Inc.* (1996), 74 Ohio St.3d 501, 502, 660 N.E.2d 431, 432. See, also, *Mentor v. Lagoons Point Land Co.* (Dec. 17, 1999), Lake App. No. 98–L–190, unreported, 1999 WL 1313674.

■■ As appellant correctly notes, "when an action is unconditionally * * * dismissed, the trial court loses authority to proceed in that matter, absent a provision to the contrary, including efforts to enforce a settlement agreement arising from the dismissed action." *Grange Mut. Cas. Co. v. Paterson* (Nov. 19, 1999), Ashtabula App. No. 98–A–0086, unreported, 1999 WL 1073697. However, if a case is conditionally dismissed upon the parties reaching a settlement, the trial court retains the authority to proceed in the matter if the condition upon which the case was originally dismissed does not occur. *Mellott v. Brawley* (Sept. 22, 1995), Portage App. No. 94–P–0139, unreported, at 3, 1995 WL 787489; *Hines v. Zofko* (Mar. 22, 1994), Trumbull App. No. 93–T–4928, unreported, at 1, 1994 WL 117110.

Although the July 26, 1999 order does not explicitly state that the dismissal was conditioned on the settlement of the case, it is implicit within its mandate that if the parties did not reach an ultimate resolution, the trial court retained the authority to proceed accordingly. This conclusion is further buttressed by the trial court's statement that a second judgment entry was to follow. Accordingly, the trial court had jurisdiction to consider appellees' motion to enforce.[2]

■ Next, appellant argues that he was mistaken about the terms of the settlement agreement at the time it was entered into. As a result, he claims that because there was no "meeting of the minds" between the parties with respect to the amount of land that would change ownership, they never entered into an enforceable contract.

■■ A settlement agreement is a contract. Accordingly, such agreements must meet the essential requirements of contract law before they will be subject to enforcement. *Keck v. Health Care & Retirement Corp. of Am.* (Dec. 15, 2000), Lake App. No. 99–L–105, unreported. A basic canon of contract construction is that "a binding agreement will be deemed to have been formed when the parties

---

2. Because the July 26, 1999 order was clearly provisional in nature, the order was interlocutory. As a result, even if appellant had filed an appeal within thirty days of the trial court's judgment entry, the appeal would have been dismissed for lack of a final appealable order as defined by R.C. 2505.02. *Mekker v. Mekker* (Dec. 23, 1999), Portage App. No. 98–P–0006, unreported, at 3, 1999 WL 1313677.

have had a meeting of the minds through the presentation of an offer by one side and the acceptance of the offer by the other." *Id.*

A unilateral mistake generally "occurs when one party recognizes the true effect of an agreement while the other does not." *Gen. Tire, Inc. v. Mehlfeldt* (1997), 118 Ohio App.3d 109, 115, 691 N.E.2d 1132, 1136. While such a mistake may provide the grounds for the rescission of an otherwise valid contract, it is well established in Ohio that relief for a unilateral mistake of material fact *will not* be provided where such mistake is the result of the negligence of the party seeking relief. *Convenient Food Mart, Inc. v. Con. Inc., No. 3–007* (Sept. 30, 1996), Lake App. No. 95–L–093, unreported, 1996 WL 635848.

Here, our review of the record demonstrates that there was substantial evidence upon which it could be found that appellant was not entitled to rescind the settlement agreement based on a unilateral mistake. Appellant's own testimony at the evidential hearing supports the conclusion that he had agreed to the basic terms of the settlement. On the day of the negotiations, appellant told the magistrate that he fully understood the terms of the agreement, and that he was aware of the effect that entering into a settlement agreement would have on the case.[3] The record shows that it was only after appellant received the proposed agreement from appellees' attorney that he had reservations about the end result.

Moreover, even if appellant made a mistake at the time the agreement was entered into that materially affected each parties' performance, appellant does not argue, and there is nothing in the record to suggest, that appellees either knew or should have known of that mistake. Thus, the mere fact that appellant may have been mistaken about the precise amount of land that was to change ownership "did not vitiate the contract." *Shanker v. Columbus Warehouse Ltd. Partnership* (Mar. 31, 1997), Franklin App. No. 96APE09–1269, unreported, 1997 WL 142723. Given these circumstances, this court concludes that the trial court was correct in finding that the parties had entered into an enforceable settlement agreement, and that appellant was not entitled to unilater-

---

**3.** On direct examination, appellant testified to the following:

"Q. And the Magistrate made a number of references to you about the settlement agreement being final?
"A. Yes, he did.
"Q. And he told you that you would be giving up your rights to a trial at that time; correct?
"A. Yes.
"Q. And that there would be no further proceedings; correct?
"A. Yes.
"Q. And when he asked you if you understood those remarks, did you understand them?
"A. Yes, I did."

ally rescind the agreement based on his alleged mistake. *Spercel v. Sterling Industries, Inc.* (1972), 31 Ohio St.2d 36, 40, 60 O.O.2d 20, 22–23, 285 N.E.2d 324, 326–327.

Finally, appellant submits that the trial court's decision to enforce the settlement agreement is against the manifest weight of the evidence. According to appellant, the only evidence presented on the issue of his state of mind or understanding of the terms of the agreement was his own. He claims, however, that the trial court ignored his testimony because it was inconsistent with the other evidence introduced at the hearing, *i.e.,* the parties' stipulations, despite the fact that when proving there was a unilateral mistake there necessarily will be evidence inconsistent with what the other party understood. We disagree.

"Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578, syllabus. As the trier of fact is in the best position to view the witnesses and their demeanor, in making a determination that a judgment is against the manifest weight of the evidence, this court is mindful that we must indulge every reasonable presumption in favor of the lower court's judgment and findings of fact. *Shemo v. Mayfield Hts.* (2000), 88 Ohio St.3d 7, 10, 722 N.E.2d 1018, 1022; *Gerijo, Inc. v. Fairfield* (1994), 70 Ohio St.3d 223, 226, 638 N.E.2d 533, 536–537. In other words, "an appellate court may not simply substitute its judgment for that of the trial court so long as there is some competent, credible evidence to support the lower [court's] findings." *State ex rel. Celebrezze v. Environmental Ent., Inc.* (1990), 53 Ohio St.3d 147, 154, 559 N.E.2d 1335, 1342; *Lagoons Point* at 11.

In the case *sub judice,* the trial court held an evidential hearing and concluded that a settlement agreement had been reached by the parties. From the trial court's May 15, 2000 judgment entry, it is apparent that in reaching its decision, the court actually found appellant's testimony not to be credible. Because the trial court, as the trier of fact, was in the best position to view appellant and his demeanor while testifying, we will defer to those findings.

More important, the trial court's decision is supported by competent, credible evidence. As already discussed, at the beginning of the hearing, the parties stipulated that the proposed settlement agreement accurately reflected the notes taken by appellees' attorney and the magistrate during the negotiations. In addition, even if appellant was mistaken about the terms of the settlement, that, standing alone, is not enough to invalidate the agreement. As a result, the trial court's finding that the parties had entered into a valid and enforceable settlement agreement is not against the manifest weight of the evidence.

Based on the foregoing analysis, appellant's sole assignment of error has no merit. Accordingly, the judgment of the trial court is affirmed.

*Judgment affirmed.*

WILLIAM M. O'NEILL, P.J., and GRENDELL, J., concur.