### In re Brian/Amanda SIMONIN, Debtors.

#### No. 05–74091.

United States Bankruptcy Court, N.D. Ohio.

Aug. 2, 2006.

---

Martin D. Burchfield, Van Wert, OH, for Debtors.

Steven Emery, Cleveland, OH, for Creditor.

### *DECISION AND ORDER*

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court after a Hearing on the Motion of Creditor, Community First Bank & Trust (CFB & T), to rescind the reaffirmation agreement entered into with Debtors, Brian and Amanda Simonin (Debtors). At the conclusion of the Hearing on this matter, both Parties were permitted to submit written arguments in support of their respective positions. Within the period allowed by the Court, only CFB & T submitted written arguments. After careful consideration of the arguments presented, the Court now finds, for the reasons set forth hereafter, that CFB & T's Motion to Rescind Reaffirmation Agreement should be Granted.

### FACTS

CFB & T presented the following facts which were uncontested and, therefore, will be accepted by this Court to be true for the purposes of this Motion. In December of 2003, the Parties executed a $24,334.02 note for the purchase of an automobile. The same day, the Parties also executed a security agreement on the note which set forth the automobile as collateral.

In October of 2005, the Debtors sought Bankruptcy relief pursuant to Chapter 7 of the United States Bankruptcy Code. The Debtors listed $18,050.29 as the debt owed to CFB & T on Schedule D of their Bankruptcy Petition. In January of 2006, a reaffirmation agreement prepared by CFB & T was signed by both Parties and filed with the Court. The agreement erroneously listed the amount due as $5,843.14. Subsequently, CFB & T discovered their mistake and filed the instant cause to rescind the reaffirmation agreement.

### DISCUSSION

Matters involving the propriety of a reaffirmation agreement directly effect the adjustment of the debtor-creditor relationship, and thus are core proceeding pursuant to 28 U.S.C § 157(b)(2)(O). Accordingly, this Court has jurisdiction to enter a final judgment in this matter.

At issue, by way of Creditor's Motion, is whether a creditor has the right to rescind a reaffirmation agreement and, if so, under what circumstances. In the Bankruptcy context, a reaffirmation agreement "is a contract between the debtor and a creditor under which the debtor, after a bankruptcy petition has been filed, agrees to pay a dischargeable debt." *BankBoston, N.A. v. Nanton,* 239 B.R.

419, 422 (D.Mass.1999), *citing In re Duke*, 79 F.3d 43, 44 (7th Cir.1996). Reaffirmation is governed by 11 U.S.C. § 524(c).

■ Under § 524(c), a debtor is specifically given the right to rescind a reaffirmation agreement prior to discharge or within 60 days after such agreement is filed with the court, whichever occurs later. 11 U.S.C. § 524(c). Although the Code makes no specific mention of a creditor's right to rescind, it does provide that a reaffirmation agreement "is enforceable only to any extent enforceable under applicable nonbankruptcy law, whether or not discharge of such debt is waived . . . ." 11 U.S.C. § 524(c). Under applicable nonbankruptcy law, there exist numerous situations in which an otherwise valid agreement may be rescinded by either party. It thus follows that by referring to applicable nonbankruptcy law, the language in § 524(c) is intended to provide an alternative basis for rescission. Other bankruptcy courts looking to the same language of § 524(c) have concluded the same: *General Electric Credit Co. v. Eassa*, 19 B.R. 153 (Bankr.S.D.Ohio 1982); and *In re Ollie*, 207 B.R. 586 (Bankr.W.D.Tenn.1997), recognizing a creditor's right to rescind but declining to do so based on the facts.

Therefore, this Court turns to the applicable nonbankruptcy law to discover the circumstances under which a contract may be rescinded. The Court will apply Ohio law, as it appears that the Parties entered into the contract in Ohio, and there is no evidence to suggest that the laws of any other state should apply.

■ CFB & T argues that they committed a unilateral mistake in drafting the reaffirmation agreement and that it may be rescinded because the Debtors knew of the mistake. (Doc. No. 8). Under the laws of Ohio, "[a] unilateral mistake occurs when one party recognizes the true effect of an agreement while the other does not."

*General Tire, Inc. v. Mehlfeldt*, 1999 WL 420346, *3 (Ohio Ct.App.1999), *citing General Tire, Inc. v. Mehlfeldt*, 118 Ohio App.3d 109, 115, 691 N.E.2d 1132, 1136 (Ohio Ct.App.1997). *Mehlfeldt* explains the standard that a party seeking rescission must satisfy in order to rescind a contract based on unilateral mistake:

(1) that it made a mistake at the time the contract was entered into;

(2) that the mistake had a 'material effect' on the agreed exchange of performances that was adverse to the mistaken party; and

(3) that the other party knew or should have known of that mistake.

1999 WL 420346 * 3, *citing Aviation Sales, Inc. v. Select Mobile Homes*, 48 Ohio App.3d 90, 548 N.E.2d 307 (Ohio Ct.App. 1988). When these conditions are met, the remedy is rescission rather than reformation. *Stewart v. Gordon*, 60 Ohio St. 170, 53 N.E. 797, 799 (1899).

■ For the purposes of the test listed above, and based upon the facts as presented, this Court makes the following findings: (1) as of the date the Petition was filed, the Debtors believed they owed approximately $18,000.00 on the automobile; (2) there were no negotiations for the reduction of the amount due on the automobile; (3) absent negotiations for the reduction of the debt, Debtors could not, in good faith, have believed that CFB & T intended to reduce the amount of their indebtedness; and (4) the discrepancy between approximately $6,000.00 and $18,000.00 is so great that it would not normally exist in the absence of a mistake.

From these findings, the Court concludes: (1) CFB & T made a unilateral mistake in drafting the reaffirmation agreement; (2) enforcement of this contract would have an adverse material effect on CFB & T because it requires the

company to accept less than $6,000.00 as satisfaction for a debt of approximately $18,000.00; and (3) the disparity between the amount listed on the bankruptcy petition and the amount listed on the reaffirmation agreement was so great that the Debtors either knew or should have known that a mistake had been made.

Based upon these conclusions, this Court holds that CFB & T has established a *prima facie* case for entitlement to rescission. Thus, the burden shifts to the Debtors to show why CFB & T should not be entitled to rescission. Ohio law provides at least two defenses which the nonmoving party may raise when a *prima facie* case has been made.

■ First, where a unilateral mistake has been made, the party seeking to avoid rescission may defend by asserting that the mistaken party bore the risk of mistake. *Mehlfeldt*, 1999 WL 420346 *5. A mistaken party bears the risk of mistake if:

(1) the risk is allocated to him by agreement of the parties, or

(2) he is aware, at the time the contract is made, that he has only limited knowledge with respect to the facts to which the mistake relates but treats his limited knowledge as sufficient, or

(3) the risk is allocated to him by the court on the ground that it is reasonable in the circumstances to do so.

*Id., citing* 1 Restatement (Second) of Contracts, § 154 (1981).

Second, although there is a split of authority, Ohio Courts of Appeal have held that relief will not be granted where the mistake results from the moving party's negligence: *Marshall v. Beach*, 143 Ohio App.3d 432, 758 N.E.2d 247, 251 (2001), *citing Convenient Food Mart, Inc. v. Con. Inc.*, 1996 WL 635848 (Ohio Ct.App.1996), holding it is well-established in Ohio law that relief will not be given for a unilateral mistake where the mistake is the result of the negligence of the party seeking relief; and *Liezert v. Liezert*, 1991 WL 199912, *2 (Ohio Ct.App.1991), *citing Ohio Farmers Ins. Co. v. Clinton County Nat'l Bank*, 8 Ohio Misc. 226, 220 N.E.2d 381 (Ohio Com. Pl.1964), a party's negligence is immaterial where the mistake is in the expression of the contract and the other party knew of the mistake and took advantage of it. However, as neither defense was raised by the Debtors, this Court declines to address them or make a ruling on their merits.

■ In conclusion, the disparity between the amount that the Debtors owed prior to bankruptcy and the amount listed on the reaffirmation agreement was so great that the Debtors either knew or should have known that a mistake had been made. As the Debtors were aware of CFB & T's mistake, a unilateral mistake existed for which the reaffirmation agreement may be rescinded. Thus, because the Debtors did not raise any defenses thereto, this Court will Grant CFB & T's Motion to Rescind.

In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

Accordingly, it is

**ORDERED** that the Motion of Creditor, Community First Bank and Trust, to Rescind Reaffirmation Agreement be, and is hereby, GRANTED.