CARUCCI, APPELLEE, *v.* JOHN HANCOCK MUTL. LIFE INS. CO., APPELLANT.

2

(No. 10432—Decided April 11, 1968.)

Mr. John A. Lloyd, Jr., for appellee.
Messrs. Marble & Vordenberg, for appellant.

HILDEBRANT, J. This is an appeal on questions of law from an entry of the Hamilton County Municipal Court granting judgment on the pleadings for plaintiff.

One Delio Carucci, an employee of Perfect Circle Corporation, became permanently and totally disabled and, under the provisions of a policy of group insurance issued to Perfect Circle insuring its employees, upon termination of his employment, he applied for and received payment of the lump sum total disability benefit in the full amount of $3,000 insurance on his life in settlement of all his rights under the group insurance plan. The group policy provided, as an alternative right in lieu of taking the amount of insurance as a total disability benefit, a conversion of the insurance in force at the time of termination of employment, without medical examination, into an individual ordinary policy of life insurance if applied for within thirty-one days of termination of employment.

Insured's employment was terminated on November 30, 1966, and on December 6, 1966, although having elected to take and having been paid the $3,000 disability benefit, he applied to defendant company for the issue of an ordi-

nary policy in the amount of $3,000 on a conversion basis.

Defendant first made inquiry of Perfect Circle Corporation for the date of and reason for termination of the employment, and Perfect Circle mistakenly and inadvertently advised defendant the reason for termination of employment was because of "lay off"; whereupon, without further inquiry, defendant, on January 1, 1967, issued a policy of ordinary insurance on the life of the insured.

The insured died on January 26, 1967, and, on being notified of the death and request for payment under the ordinary policy, defendant rejected the claim and refused payment thereof. Defendant rejected the claim on the basis that the policy was issued by reason of a unilateral mistake of a material fact excusing it from liability and, in addition, claiming a mutual mistake of fact by reason of Perfect Circle Corporation, which gave the wrong information to defendant, being the agent of the insured.

While Perfect Circle handled the mechanics of the insurance, we do not think the position tenable that such company as agent of the insured could exercise the discretion and judgment required of insured in making the election provided for under the disability benefit provision of the policy. We, therefore, reject the claim of mutual mistake.

As a general proposition, relief for a unilateral mistake of a material fact will be denied where the mistake is the result of the party's own negligence. Rather than an honest mistake of fact in this case, defendant must be charged absolutely with knowledge of payment by it of the disability benefit followed by the negligent blunder of accepting the application for ordinary insurance on a conversion basis.

Under such circumstances the defendant will be held to be estopped as having waived the right to refuse the application for ordinary insurance on a conversion basis. See 29A American Jurisprudence 238, Insurance, Section 1072, which states:

"Where a policy is issued with knowledge by the in-

surer, actual or presumed, of facts which would otherwise vitiate the policy under a provision embodied therein, or of the falsity of a material representation contained in the application, the provision or misrepresentation is deemed waived by the insurer by the unconditional issuance or delivery of the policy. That is to say, where the insurer, at the time of the issuance of a policy of insurance, has knowledge of existing facts which, if insisted on, would invalidate the contract from its very inception, such knowledge constitutes a waiver of conditions in the contract inconsistent with the known facts, and the insurer is estopped thereafter from asserting the breach of such conditions. * * *''

The judgment is affirmed and the cause remanded for further proceedings according to law.

*Judgment affirmed.*

LONG, P. J., and SHANNON, J., concur.