OPINION
{¶ 1} This is an appeal by plaintiff-appellant, Fifth Third Bank, from the judgment of the Franklin County Court of Common Pleas, in which that court granted the motions to intervene and for relief from judgment filed by intervenor-appellee, National City Bank.
 {¶ 2} This case began when, on September 6, 2002, appellant filed a complaint for foreclosure against Thomas and Vanessa Banks, the owners of residential property located in New Albany, Ohio ("the property"). The Banks had conveyed a second mortgage to appellant, and appellant alleged that the Banks had defaulted on the note associated with the second mortgage, the face amount of which was $300,000. The Massachusetts Company ("MassCo"), was also named as a defendant because appellant's title search revealed the recording of an Assignment of Mortgage and Promissory Note, which indicated that appellee, the original holder of the first mortgage on the property, had assigned all of its interest in the property to MassCo. The face amount of the note that was secured by the first mortgage was $455,000. The original note and mortgage for the first mortgage had been recorded on May 28, 1996, and the assignment had been recorded on April 22, 1997.
 {¶ 3} The defendants having failed to answer or otherwise move or plead to the complaint, the trial court granted a default judgment in favor of appellant and against the Banks and MassCo, on October 15, 2003. On October 21, 2003, the court journalized its order for sale of the property, and the sheriff's sale was scheduled for January 30, 2004. On January 29, 2004, one day prior to the scheduled sheriff sale, appellee filed a motion to intervene in the action, a motion to stay the sheriff's sale, and a motion for relief from judgment. The common basis of these motions was that the assignment to MassCo had been erroneously recorded and that appellee had continuously held the first-mortgage interest in the property, which interest appellee was now seeking to protect.
 {¶ 4} Appellee sought intervention of right, pursuant to Civ. R. 24(A)(2), claiming that it would be impeded from protecting its interest in the property if the action continued without its participation. Appellee sought relief from the trial court's default judgment pursuant to Civ. R. 60(B)(1), claiming that relief was warranted due to mistake, inadvertence, surprise and excusable neglect. Specifically, appellee argued that the assignment to MassCo had been erroneously recorded and that this recording caused appellee's representatives to mistakenly believe that appellee no longer possessed an interest in the property. This is the reason, according to appellee, that it never sought to intervene prior to the court's granting of the default judgment. Appellee also claimed that its representatives were "confused by the procedural posture of the case" because they were aware of a separate foreclosure, involving the same property, which had been filed by the Franklin County Treasurer before appellant filed its complaint. According to appellee, the Treasurer's action was still pending when appellant instituted this action. However, the trial court noted in its decision that the Treasurer voluntarily dismissed his complaint on November 13, 2003.
 {¶ 5} Appellee attached to its motion for relief from the judgment the affidavit of Anita Holbrook ("Holbrook"), who identified herself therein as an Assistant Vice President of National City Mortgage Company ("NCMC"), which is an authorized agent of appellee and services loans for appellee, including appellee's loan to the Banks. Holbrook averred, inter alia, that the recording of the assignment to MassCo was erroneous and that the mistake was, perhaps, made during a volume sale of other loans. Holbrook also stated that NCMC paid over $10,000 in delinquent taxes on behalf of the Banks on October 16, 2003, in order to avoid foreclosure and sale of the property by the Franklin County Treasurer. Furthermore, NCMC paid first half 2003 taxes on the property on January 16, 2004.
 {¶ 6} The same day upon which appellee filed its motions to intervene and for relief from judgment, the Banks filed for protection under Chapter 11 of the United States Bankruptcy Code. On June 3, 2004, appellant obtained from the United States District Court for the Southern District of Ohio relief from the automatic stay provisions of the United States Bankruptcy Code, for the limited purpose of opposing appellee's motions and seeking a final determination from the Franklin County Court of Common Pleas whether the default judgment would stand, or whether appellant's interest in the property would be subordinated to that of appellee.
 {¶ 7} On July 7, 2004, appellant filed its memorandum opposing appellee's motion to intervene. Appellant argued that the motion was untimely and that appellee had not asserted any pecuniary or other interest in the subject matter of the foreclosure. Appellant also filed, on the same day, its memorandum opposing appellee's motion for relief from judgment. Appellant argued that the motion was untimely, that appellee did not have a meritorious defense to the foreclosure action, and that appellee's erroneous recording of the assignment is not excusable neglect. Appellant also argued that appellee's failure to intervene prior to the entry of default judgment — despite the fact that, according to appellant, appellee had knowledge of the pendency of the present action — likewise does not constitute excusable neglect.
 {¶ 8} On August 5, 2004, the court issued a decision and entry granting the motions to intervene and for relief from judgment. In granting the motion to intervene, the trial court found that disposition of the case, absent appellee's participation, would impair appellee's ability to protect its interest in the property and that no other party will adequately protect appellee's claimed interest. The court found that appellee had satisfied the requirement of timeliness, and also found that intervention would not unduly delay or prejudice the adjudication of appellant's rights because "delay of the sale [of the property] would have occurred even without NCB's Motion filing since the Banks filed for Bankruptcy." (Decision and Entry, 6.)
 {¶ 9} In granting the motion for relief from judgment, the trial court found that the motion was timely filed, and also found that appellee had a meritorious defense to present should relief be granted. Specifically, the court found that, despite erroneous recording of the assignment, appellee can demonstrate that it has maintained its security interest in the property through evidence of its continued servicing of the loan, along with paperwork exchanged between appellee and MassCo demonstrating that no one ever intended for the interest to transfer from appellee to MassCo. The court found that appellee's meritorious claim of ownership is enough to warrant relief from judgment, and that any dispute regarding the priority of the parties' interests may be resolved later.
 {¶ 10} Finally, the court found that appellant had grounds for relief based upon Civ. R. 60(B)(1), mistake, excusable neglect or inadvertence. Specifically, the court found that the erroneous filing of the assignment was sufficient to warrant relief from judgment. The court found that "this conduct constitutes a mistake on behalf of NCB. In the course of handling hundreds of mortgages and transactions, one loan became lost in the shuffle and recorded as [sic] assignment when in fact it had not been sold. Thus, NCB has satisfied the second prong of the GTE [AutomaticElectric, Inc. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146,1 O.O.3d 86, 351 N.E.2d 113] standard." (Decision and Entry, 6.)
 {¶ 11} This appeal followed. Appellant asserts the following two assignments of error for our review:
I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT GRANTED NATIONAL CITY BANK'S MOTION TO INTERVENE.
II. THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT GRANTED NATIONAL CITY BANK'S MOTION FOR RELIEF FROM JUDGMENT.
 {¶ 12} In support of its first assignment of error, appellant argues that the trial court erred when it granted appellee's motion to intervene because the motion was not timely made. We decline to address this assignment of error, however, because it does not request review of a final, appealable order.
 {¶ 13} Pursuant to Section 3(B)(2), Article IV of the Ohio Constitution, this court's appellate jurisdiction is limited to the review of final orders of lower courts. Section 2505.02(B) of the Ohio Revised Code defines a final order, in pertinent part, as follows:
(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment[.]
 {¶ 14} According to the language of R.C. 2505.02(B), in order to be final, the order granting appellee's motion to intervene must affect a substantial right and either determine the action and prevent a judgment, or be made in a special proceeding.
 {¶ 15} "`Substantial right' means a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." R.C. 2505.02(A)(1). It involves the notion of a legal right that will be enforced and protected by law. Noble, supra, at 94, citing North v. Smith (1906),73 Ohio St. 247, 249, 76 N.E. 619. We do not perceive that the order allowing appellee to intervene in the action involves a substantial right of appellant.
 {¶ 16} Furthermore, the trial court's decision to allow appellee to intervene did not "determine the action and prevent a judgment." Rather, it determined only that appellee could participate in the case, subject to the limitations imposed by the procedural posture of the case and the Ohio Rules of Civil Procedure. Finally, the judgment granting the motion to intervene was not "made in a special proceeding." A "`special proceeding' means an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity." R.C. 2505.02(A)(2). Foreclosure actions were in existence prior to 1853. See, e.g., Higgins v. West (1832), 5 Ohio 554. Therefore, they are not special proceedings in the context of R.C. 2505.02(B).
 {¶ 17} Because the order granting the motion to intervene does not involve a substantial right, does not determine the action and prevent a judgment, and was not made in a special proceeding, it is not a final, appealable order. Indeed, this court has previously held that, "[w]hile the denial of a motion to intervene is a final, appealable order, thegranting of such a motion is not a final order." Okey v. Worthington CitySchools (Aug. 10, 2000), 10th Dist. No. 00AP-132, 2000 Ohio App. LEXIS 3585, at *5. (Emphasis sic.) See, also, Wilson v. Maurer (Jan. 21, 1992), 10th Dist. No. 91AP-1242; Jump v. Manchester Ins. Indem. Co.
(Nov. 5, 1991), 10th Dist. No. 91AP-510; Fouche v. Denihan (Mar. 29, 1990), 10th Dist. No. 89AP-818.
 {¶ 18} Because the order granting the motion to intervene is not a final, appealable order, we lack jurisdiction to review the same. Accordingly, appellant's first assignment of error must be dismissed.
 {¶ 19} In its second assignment of error, appellant challenges the trial court's decision to grant appellee's motion for relief from judgment. In order to succeed on a Civ. R. 60(B) motion for relief from judgment, the moving party must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ. R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken. GTE Automatic Elec., Inc. v. ARC Industries, Inc.
(1976), 47 Ohio St.2d 146, 1 O.O.3d 86, 351 N.E.2d 113, paragraph two of the syllabus. Should the moving party fail to satisfy any one of these requirements, a court must deny Civ. R. 60(B) relief. Svoboda v.Brunswick (1983), 6 Ohio St.3d 348, 351, 6 OBR 403, 453 N.E.2d 648. Appellate courts review a decision denying a Civ. R. 60(B) motion for abuse of discretion. Moore v. Emmanuel Family Training Ctr., Inc. (1985),18 Ohio St.3d 64, 66, 18 OBR 96, 479 N.E.2d 879.
 {¶ 20} Appellant argues that appellee failed to meet each and every requirement of the GTE test for entitlement to relief from judgment. We will discuss only the third requirement, because, in our view the same was not met, and therefore the judgment must be reversed.
 {¶ 21} Appellee based its motion upon Civ. R. 60(B)(1), claiming that relief was warranted due to mistake, inadvertence, surprise and excusable neglect. The trial court found that appellee had demonstrated entitlement to relief due to mistake. The court based this finding upon the fact that appellee "mistakenly filed the assignment to the Massachusetts Bank, even though the sale of the note never transpired." (Decision and Entry, 10-11.)
 {¶ 22} The court went on to state, "[i]n the course of handling hundreds of mortgages and transactions, one loan became lost in the shuffle and recorded as an assignment when in fact it had not been sold. Thus, [appellee] has satisfied the second prong of the GTE standard." (Id. at 11.) Thus, it was appellee's "mistake" of taking itself out of the property's chain of title that led to appellee not being named as a party-defendant in the instant foreclosure litigation. Because appellee was not named as a defendant, it was never served with summons and the complaint and never sought to assert its claimed interest in the property.
 {¶ 23} Fundamentally, the trial court based its decision to grant Civ. R. 60(B)(1) relief upon a unilateral mistake resulting from appellee's own negligence. But appellee's confusion over whether it still held a mortgage interest in the property is not grounds for relief from judgment. "Generally, `relief for a unilateral mistake of a material fact will be denied where such mistake is the result of the negligence of the party seeking relief.'" Nationsbanc Mortgage Corp. v. Jones (Mar. 30, 2001), 7th Dist. No. 99 C.A. 236, 2001 Ohio App. LEXIS 1544, at *9, quoting Citizens Fed. Bank v. Moncarz (May 31, 1995), 1st Dist. Nos. C-940300, C-940301, 1995 Ohio App. LEXIS 2204, at *4.
 {¶ 24} In Nationsbanc, the court of appeals affirmed the trial court's denial of relief under Civ. R. 60(B)(1) when, knowing that they had two mortgages with the same mortgagee — one on their residence and one on a rental property — the appellants did not check the loan number to identify which loan they were paying when they attempted to reinstate the mortgage on their residence. Their payment was applied to the mortgage on their rental property, resulting in the mortgagee completing foreclosure on their residence. The court of appeals found that the appellants' mistaken belief that they had reinstated the loan on their residence did not entitle them to relief from the judgment of foreclosure.
 {¶ 25} In Citizens Federal Bank, the court of appeals affirmed the trial court's denial of Civ. R. 60(B)(1) relief when the bank claimed unilateral mistake in a settlement agreement between it and one of its credit card customers. The court held that any mistake claimed by the bank was the result of its own negligence in failing to review its own account records.
 {¶ 26} We think that the rationale employed in Nationsbanc andCitizens Federal Bank applies to the facts of the instant case. Appellee's mistake was clearly unilateral, and was the result of negligence, since all of the records necessary to avoid the mistake, or to timely correct it, were at all times in the possession and control of appellee. Moreover, appellee's mistake was the direct and sole cause of the situation from which appellee later sought relief, to wit: the fact that the recorded chain of title misled appellant as to the identity of the rightful lien holders. The creation of such a misleading state of affairs frustrates the purpose of the recording statutes and cannot serve as the basis for relief under Civ. R. 60(B)(1).
 {¶ 27} The purpose of the recording statutes is to put other lien holders on notice and to prioritize the liens. See, e.g., Holstein v.Crescent Communities, Inc., 10th Dist. No. 02AP-1241, 2003-Ohio-4760, ¶ 23, ("The main purpose of the recording is to establish priority among creditors and bona fide purchasers"). See, also, Wayne Bldg. Loan Co.v. Yarborough (1967), 11 Ohio St.2d 195, 205, 40 O.O.2d 182,228 N.E.2d 841. In a case decided long ago, yet still possessing precedential value, the Supreme Court of Ohio held:
The legal rights of [third persons who are not parties to a prior unrecorded interest in real property] can not be displaced at the instance of the holder of a prior unrecorded mortgage or contract for a mortgage, * * * the object of the law being to avoid all the vexed questions of notice, actual or constructive, in determining priorities of lien.
Bldg. Assn. v. Clark (1885), 43 Ohio St. 427, 434, 2 N.E. 846, quotingBloom v. Noggle, 4 Ohio St. 46, at paragraph six of the syllabus.
 {¶ 28} The case of Pinney v. Merchants' National Bank (1904),71 Ohio St. 173, 72 N.E. 884, also illustrates the primacy of the recording statutes in circumstances in which one who claims an interest in real property has, through unilateral negligence, failed to comply with such statutes. In Pinney, Merchants' National Bank was the assignee of a mortgage, but never recorded the written assignment, though the Revised Statutes in effect at the time provided for the recording of mortgage assignments. Later, the first-and-best-lien holder instituted a foreclosure action and named as parties only those found in the chain of title, which did not include the bank. The foreclosure proceeded to judgment and sale, and Pinney later became a successor-in-title to the purchasers of the property.
 {¶ 29} Thereafter, the bank brought its own foreclosure action, seeking a judicial sale in order to recoup its losses out of the proceeds thereof. Pinney argued that, in failing to record the document that assigned the mortgage to it, the bank had not properly preserved its interest and thus could not, through the second foreclosure action, obtain relief from the first action, to which it had not been a party. The lower court granted judgment in favor of the bank, but the Supreme Court of Ohio reversed.
 {¶ 30} The court noted that:
the recording acts `rest upon recognition of the policy that there shall somewhere be found a record which will disclose the state of the title of all lands within the county. For conveyances, mortgages, leases, etc., resort is had to the office of the county recorder[.] * * * The business public, therefore, has a high interest in the maintenance of such a system as will enable every person, by the ordinary inquiry, that is an examination of the records, to ascertain the condition of titles.'
Id. at 182, quoting Coe v. Erb (1898), 59 Ohio St. 259, 264, 52 N.E. 640.
 {¶ 31} The court in Coe went on to explain:
The statute in review was enacted for the benefit of the judgment creditor, but it is only reasonable to hold that the obligation rests on him, if he claims the advantage it gives, to comply strictly with its terms in order that due notice of such claim be given to the world, and that innocent persons shall not suffer. He controls the proceedings; he can take advantage of the statute or not at his pleasure. If he does comply he has given the notice and effected the lien; if for any cause he falls short, the consequences should be upon him.
Coe, supra, at 264-265.
 {¶ 32} Just as in Coe and Pinney, appellee, in the instant case:
had the right under the statute, to have its [interest] entered of record, which would have been notice of its equitable right * * * to other mortgages and subsequent purchasers. The means were thus at its hand to protect its own interest and to prevent others from being misled. Ordinary diligence required this. But it negligently permitted the record to indicate that [another] remained the owner of the claim, and parties interested innocently relied upon that record. * * * [In such a case] the statute justifies, and * * * fair dealing requires, the rule that where the recording act authorizes * * * mortgages to be recorded, * * * but where such * * * is not so entered, mortgagees * * * in the absence of notice otherwise are justified in relying upon the record as they find it and in acting accordingly. * * * [The party who fails to provide the proper notice] should be held to bear the loss.
Pinney, supra, at 184-185.
 {¶ 33} The sole cause of appellee's mortgage interest going unrecognized in the original proceedings below was appellee's unilateral negligence in managing its business papers and concomitant failure to comply with the recording statutes. Such conduct cannot serve as the basis for granting relief pursuant to Civ. R. 60(B)(1). In finding that such conduct can support the granting of relief on the grounds of mistake, the trial court erred. Thus, we sustain appellant's second assignment of error.
 {¶ 34} For all of the foregoing reasons, appellant's first assignment of error is dismissed, its second assignment of error is sustained, the judgment, insofar as it grants relief under Civ. R. 60(B), is reversed, and this cause is hereby remanded to the Franklin County Court of Common Pleas for further proceedings.
Judgment reversed; cause remanded.
McGrath and Deshler, JJ., concur.
DESHLER, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.