DECISION AND JUDGMENT ENTRY
{¶ 1} This appeal comes to us from a judgment issued by the Wood County Court of Common Pleas, in a dispute regarding the enforceability of a settlement agreement. Because we conclude that the trial court erred as a matter of law, we reverse.
 {¶ 2} In July 2003, appellee, the Ohio Turnpike Commission ("Turnpike"), brought an action for eminent domain to appropriate real estate owned by appellants, Harry and Adele Alexanderian. Also included as defendants to the suit were Buckeye Pipeline Company, Toledo Edison Company, Michael Sibbersen as Wood County Auditor, and Jill Engle, Wood County Treasurer. On February 8, 2005, after lengthy negotiations, including one failed attempt, all the parties entered into a settlement agreement regarding compensation to appellants for real estate and other related expenses which was accepted by and filed with the court. The settlement was signed by appellants, and counsel for the other parties. In return for clear title to the property, the Turnpike paid a total of $693,780 to appellants. A deposit of $66,912 was withheld from that amount and deposited with the court clerk, for distribution to various parties, including a previously negotiated amount of $32,960.21 for Wood County real estate taxes and penalties.
 {¶ 3} On March 30, 2005, appellants filed a motion for distribution to them of the balance of funds held by the court, after deduction of the tax payment owed to the county. On April 14, 2005, Wood County Treasurer, Jill Engle, filed a motion for payment of an additional amount to the county for "special assessments." The treasurer acknowledged that the parties had negotiated and reached an agreement during the settlement pretrial for payment of real estate taxes, interest, and delinquencies to be reduced to the $32,960.21 amount. The treasurer alleged, however, that, following the entry of settlement, an additional assessment for water and sewer improvements was discovered in the amount of $10,573.21 due and payable to Wood County for tax years 2004-2008.
 {¶ 4} On May 9, 2005, the court conducted a hearing on this issue. Linda Holmes, counsel for Wood County and the Wood County Treasurer, testified that, at the time of the pretrial settlement conference, she believed that the special assessments were the "responsibility" of another entity, the Northwest Regional Water and Sewer District. She further stated that, although the assessment was actually owed to Wood County and was shown on the tax records as such, she was "simply not aware that any obligations remained with the County since the Regional Water and Sewer District was created ten, twelve years ago." It was discovered that the special assessment was actually a bond, payable to the county from 2005-2009, which appeared on the county tax records and bills. She argued that despite appellants' reliance on the amount represented by the county and negotiated prior to entering into the settlement agreement, they should still be responsible for the additional water and sewer obligation since it was a "special assessment."
 {¶ 5} Appellants argued that the settlement agreement was entered into on the basis of what Wood County and the treasurer had represented as the amount it would accept in payment of all amounts owed to them. Just as the "date of take" had been changed to lower the amount of taxes assessed, appellants believed that, after months of negotiations which no mention of any other assessments, the $32,960.21 represented their entire obligation to the county. Appellants further argued that permitting the county to unilaterally change the basis for the settlement agreement and collect the additional amount which was in its own records and could have been disclosed, negated the very essence and purpose of the settlement agreement.
 {¶ 6} The court ultimately granted Wood County's motion, and ordered appellants to pay the additional $10,573.21 amount for the water and sewer assessments. Appellants now appeal from that judgment, arguing the following three assignments of error:
 {¶ 7} "1. The court erred as a matter of law and/or abused its discretion by ordering appellants to pay an additional sum of money out of their eminent domain settlement proceeds to the Wood County Treasurer/Auditor, because appellants had previously entered into a written settlement agreement with the Wood County Auditor/Treasurer, whereby the Wood County Auditor/Treasurer had agreed to accept a specific, lesser sum of money in order to release claims against the property, which appellants had then relied upon in entering into a subsequent agreement with the Ohio Turnpike Commission regarding the amount of compensation to be paid for the appropriation of their property.
 {¶ 8} "2. The trial court erred as a matter of law and/or abused its discretion, when it ordered appellants to pay court costs, when the Turnpike Commission had agreed in a written settlement agreement to pay court costs and the court's previous order stated the Turnpike Commission was to pay court costs.
 {¶ 9} "3. The trial court erred as a matter of law and/or abused its discretion in not enforcing the date of take as the date of the filing of the lawsuit, which is the date the Turnpike Commission requested and obtained immediate possession of the real property."
 I. {¶ 10} In their first assignment of error, appellants argue that the trial court erred by ordering them to pay the special assessment charge because it changed the terms upon which the settlement agreement was based. We agree.
 {¶ 11} A settlement agreement is viewed as a particularized form of a contract. Noroski v. Fallet (1982), 2 Ohio St.3d 77,79. It is "a contract designed to terminate a claim by preventing or ending litigation and * * * such agreements are valid and enforceable by either party." Continental W. Condominium UnitOwners Assn. v. Howard E. Ferguson, Inc. (1995),74 Ohio St.3d 501, 502, citing Spercel v. Sterling Indus., Inc. (1972),31 Ohio St.2d 36 and 15 Ohio Jurisprudence 3d (1979) 511, 516, Compromise, Accord, and Release, Sections 1 and 3. "Further, settlement agreements are highly favored in the law."Continental, supra, citing State ex rel. Wright v. Weyandt
(1977), 50 Ohio St.2d 194 and Spercel, supra, at 38.
 {¶ 12} A unilateral mistake by one party to an unambiguous settlement agreement will not make the agreement unenforceable. See Marshall v. Beach (2001), 143 Ohio App.3d 432; Keil v.Keil (May 9, 1991), 6th Dist. No. 90-OT-043. A unilateral mistake generally "occurs when one party recognizes the true effect of an agreement while the other does not." Gen. Tire,Inc. v. Mehlfeldt (1997), 118 Ohio App.3d 109, 115. Although a unilateral mistake of material fact may provide grounds for rescission of an otherwise valid contract, relief "will be denied where such mistake is the result of the negligence of the party seeking relief." Nationsbanc Mortgage Corp. v. Jones (Mar. 30, 2001), 7th Dist. No. 99-CA-236, citing Citizens Fed. Bank v.Moncarz (May 31, 1995), 1st Dist. Nos. C-940300, C-940301 (any mistake claimed by the bank was the result of its own negligence in failing to review its own account records) and Carucci v.John Hancock Mutl. Ins. Co. (1968), 15 Ohio App.2d 1, 2
(incorrect information provided by insurance agent was unilateral error which did not provide relief from agreement). See, also,Fifth Third Bank, (Central Ohio) v. Banks, 10th Dist. No. 04AP-860, 2005-Ohio-4972 (no rescission because of unilateral bank error due to bank's own negligence where records to correct mistake were within bank's control); Kruppa v. All SoulsCemetery of the Diocese of Youngstown (Feb. 22, 2002), 11th Dist. No. 2001-T-0029 (no rescission when "negligent blunder of quoting the wrong price * * * caused the unilateral mistake to occur."); Convenient Food Mart, Inc. v. Con. Inc., No. 3-007 (Sept. 30, 1996), 11th Dist. No. 95-L-093 (no relief for a unilateral mistake when mistake resulted from negligence of the party seeking relief); Midwest Mutl. Ins. Co. v. Lightning RodMutl. Ins. Co. (Mar. 15, 1994), 7th Dist. No. 92-B-53 (insurance contract enforced despite unilateral mistake by insurance agent regarding coverage.) Not withstanding errors and misunderstandings in settlement agreements, "people must be held to the promises they make." Kostelnik v. Helper,96 Ohio St.3d 1, 2002-Ohio-2985, at ¶ 17, quoting 1 Corbin on Contracts (Perillo Rev.Ed. 1993) 530, Section 4.1.
 {¶ 13} In this case, contrary to Wood County's arguments, the real issue is not about which party was initially responsible for payment of the special assessments. Rather, the issue is whether the negotiations and terms upon which the settlement agreement was based may be modified due to an alleged unilateral mistake, to the detriment to any party who was not responsible for the mistake. Therefore, we must determine which party is responsible for payment of the special assessment: the Turnpike, Wood County, or appellants.
 {¶ 14} The Turnpike negotiated with all parties in good faith and paid the total amount required under the terms of the settlement agreement. Nothing in the agreement states that it may be held responsible for any additional taxes or assessments which may be later discovered. In fact, the terms of the agreement were changed during negotiations to accommodate tax amounts owed, since the Turnpike took possession of the property before the settlement agreement was finally filed with the court. Consequently, since the Turnpike was to receive clear title from appellants and the county upon the payment of the agreed amount, with no further conditions, the Turnpike is not responsible for any "undiscovered" special assessments.
 {¶ 15} As between appellants and Wood County, the specific amount of taxes to be paid by appellants was not incorporated into the settlement agreement. Nevertheless, the specific amount of $66,912 was designated as the amount to be withheld for distributions to cover the claims of the various defendants. It is undisputed that $32,961.20 represented the amount appellants negotiated for and believed would be distributed from the $66,912 to settle all claims by the county. Representatives for the Wood County Auditor/Treasurer mistakenly believed that the special assessment was owed directly to the water and sewer district. Since the assessment was paid to the county, however, and appeared on its tax records, the county representative should have at least noted that the water and sewer assessment was not included. Instead, the Wood County representative said nothing, even when this issue was brought to her attention by another county representative. Negotiations between all the parties to the settlement spanned a period of more than a year, giving the county ample opportunity to check its own records and to include the water and sewer assessment in the negotiations.
 {¶ 16} Although appellants also knew of the special assessment, under the circumstances in this case, it was reasonable for them to presume that the negotiations included any amounts owed to the county, including the special assessment which appeared on their tax bills as a payment to the Wood County Auditor/Treasurer. This mistake is no different than if, after the settlement was filed, the county suddenly found that it had simply miscalculated the amount of taxes and penalties owed. The legal relief for such a mistake would be to request rescission of the entire agreement. The county did not request rescission. Instead, it sought to cure its own oversight and to circumvent the basis for the settlement, by passing the cost of the omitted assessment back to appellants while still retaining the benefit of ending the litigation. Since appellants relied to their detriment on the information provided by the county in entering into the settlement, we conclude that the county may not be permitted to simply change the amount it is claiming because of its own negligence. Such a unilateral change frustrates and contravenes the purposes of settlements.
 {¶ 17} Consequently, we conclude that the county's failure to include the $10,573.21 owed for the special assessments was a unilateral mistake due to negligence, since all of the records necessary to avoid the mistake, or to timely correct it, were at all times in the county's possession and control. Therefore, we conclude that, due to the county's unilateral error, the trial court improperly altered the terms which were the basis of the agreement.
 {¶ 18} Accordingly, appellants' first assignment of error is well-taken.
 II. {¶ 19} In their second assignment of error, appellants argue that the trial court erred in ordering them to pay court costs when the settlement agreement allocated those costs to appellee, the Turnpike. The Turnpike concedes that appellants are correct, and has represented that it has, in fact, tendered payment to appellants for such costs.
 {¶ 20} On its face the settlement agreement, sanctioned by the trial court, provides that the Turnpike would pay court costs. Therefore, the trial court's judgment entry ordering appellants to pay court costs was in error. Accordingly, appellants' second assignment of error is well-taken.
 III. {¶ 21} In their third assignment of error, appellants contend that, if the trial court was correct in changing the amount of taxes to be paid, then the "date of take" should be changed as well, which would require a recalculation of taxes owed by appellants.
 {¶ 22} Since we have determined that the trial court erroneously altered the terms upon which the settlement order was based, it would be improper to now alter the "date of take," which was also negotiated and a basis for the settlement agreement. Therefore, appellants' "alternative" argument is now without merit. Accordingly, appellants' third assignment of error is not well-taken.
 {¶ 23} The judgment of the Wood County Court of Common Pleas is reversed and remanded for correction of the judgment entry and for further proceedings consistent with this decision. Appellees, the Ohio Turnpike and Wood County, are ordered to each pay one-half of the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Wood County.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Pietrykowski, J. Singer, P.J. Skow, J. concur.