[Cite as *Bank of Am. v. Flowers*, 2014-Ohio-5249.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Bank of America, N.A., | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 14AP-451 |
| | | (C.P.C. No. 13CV-1935) |
| Janice M. Flowers, | : | |
| | | (REGULAR CALENDAR) |
| Defendant-Appellant, | : | |
| John Doe, Unknown Spouse, if any, of | : | |
| Janice M. Flowers et al., | | |
| | : | |
| Defendants-Appellees. | | |
| | : | |

# D E C I S I O N

## Rendered on November 25, 2014

*McGlinchey Stafford*, *Amanda L. Holzhauer* and *Bryan T. Kostura*, for appellee Bank of America, N.A.

*Janice M. Flowers*, pro se.

APPEAL from the Franklin County Court of Common Pleas

O'GRADY, J.

{¶1} Defendant-appellant, Janice M. Flowers, appeals from a judgment of the Franklin County Court of Common Pleas entered on May 1, 2014, granting the summary judgment motion of plaintiff-appellee, Bank of America, N.A. ("Bank of America"). For the following reasons, we dismiss the appeal because it does not present a final appealable order.

**I. Facts and Procedural Background**

{¶2}  On February 21, 2013, Bank of America filed a complaint in foreclosure naming appellant; John Doe, as her unknown spouse, if any; Capital One Bank; LVNV Funding, LLC; and Blacklick Ridge Homeowners Association, Inc.; State of Ohio, Department of Taxation; City of Columbus, Division of Income Tax; and Franklin County Treasurer as defendants.  Bank of America asserted that appellant was in default on a promissory note that was secured by a mortgage on real property located at 7414 Bunker Ridge Ct., Blacklick, Ohio 43004.  At paragraph four of the complaint, Bank of America asserted that "the conditions precedent have been satisfied."  On March 7, 2013, the case was referred to mediation.  On October 18, 2013, Bank of America filed a motion to remove the case from mediation and to reset the case management schedule.  On November 18, 2013, the trial court ordered the case removed from mediation and granted appellant 28 days to file her answer.  On December 16, 2013, appellant filed an answer pro se.  As she did in response to every other paragraph of the complaint, in response to paragraph four of the complaint, appellant stated, "Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 4 of Plaintiff's Complaint." (Appellant's answer, 4.)  She also asserted 22 defenses to Bank of America's claims, including that it had failed to state any claims upon which relief may be granted.

{¶3}  On January 31, 2014, Blacklick Ridge Homeowners Association filed an answer and a cross-claim asserting appellant had not paid her condominium fees and as of February 15, 2013, they were due in the amount of $593.31, plus ongoing assessments, attorney fees, late fees, utility charges, and costs incurred during the pendency of the case.

{¶4}  On February 13, 2014, Bank of America filed a motion for summary judgment.  On February 27, 2014, appellant filed a motion for summary judgment, a memorandum contra to Bank of America's motion for summary judgment, and an amended answer.  However, appellant did not seek leave of court to file her amended answer and Bank of America filed a motion to strike the amended answer and appellant's motion for summary judgment on March 4, 2014 at 9:31 a.m.  On March 4, 2014 at 2:38 p.m., appellant filed a motion for leave to file her amended answer.  Also on March 4, 2014 at 11:10 a.m., Bank of America filed a motion for extension of time to file a reply brief in support of its motion for summary judgment.

{¶5} On March 26, 2014, Bank of America filed a motion to continue the trial that was set for April 1, 2014. On March 27, 2014 at 12:08 p.m., the trial court granted Bank of America's motion to continue the trial and scheduled it for April 28, 2014. At 5:07 p.m. on March 27, 2014, Bank of America filed a "Motion to Dismiss," in which it stated, Bank of America "MOVES this Court to dismiss the within action, without prejudice. It is represented to this Court that Plaintiff is not proceeding in the matter at this time. Wherefore, Plaintiff hereby moves this Court to dismiss its Complaint without prejudice at Plaintiff's cost." (Emphasis sic.) (R. 150.)

{¶6} On March 28, 2014 at 11:17 a.m., the trial court rendered a decision and entry granting Bank of America's motion to strike and its motion for summary judgment, and denying appellant's motion for leave to file an amended answer. The court found Bank of America's motion to extend time and its motion for leave to file its initial witnesses moot.

{¶7} On March 28, 2014 at 4:26 p.m., Bank of America filed a notice of withdrawal of its motion to dismiss. At 4:48 p.m., appellant filed a motion to vacate the March 28, 2014 decision and entry and also a motion to join in Bank of America's motion to dismiss.

{¶8} On March 31, 2014, the trial court granted Bank of America's motion to dismiss the action without prejudice. On April 18, 2014, appellant filed a motion to vacate the April 2, 2014 entry and to allow her to amend her answer and a motion to vacate the March 28, 2014 entry. On April 23, 2014, the trial court denied these motions.

{¶9} On May 1, 2014, the trial court reexamined the entire case. The trial court again granted Bank of America's motion for summary judgment. The trial court entry provided as follows:

> The Court finds that there is due the Treasurer of Franklin County, taxes, accrued taxes, assessments and penalties on the premises described herein, as shown on the County Treasurer's tax duplicate, the exact amount being unascertainable at the present time, but which amount will be ascertainable at the time of sale; which is a valid and subsisting first lien thereon for that amount so owing as of the day of the confirmation of sale.

The Court finds that there are no genuine issues of material fact, that reasonable minds can come to but one conclusion, and that the Plaintiff is entitled to judgment herein as a matter of law. Accordingly, Plaintiff's Motion for Summary Judgment is hereby granted.

The Court finds on the evidence adduced that there is due Plaintiff on the promissory note set forth in the First Count of the Complaint, the sum of $204,200.03, plus interest thereon at the rate of 5.5% per annum from October 1, 2010, and at such interest rate as may change from time to time pursuant to the terms of the note; plus all late charges due under the Note and Mortgage, all advances made for the payment of real estate taxes and assessments and insurance premiums, and all costs and expenses incurred for the enforcement of the Note and Mortgage, except to the extent the payment of one or more specific such items is prohibited by Ohio law, for which sum judgment is hereby rendered in favor of Plaintiff against the Defendant, Janice M. Flowers.

* * *

The Court finds that Plaintiff has and will from time to time advance sums for taxes, insurance and property protection. Plaintiff has the first and best lien for these amounts in addition to the amount set forth above. The Court makes no finding as to the amounts of the advances and continues same until the confirmation of sale.

The Court finds that the Defendants, Blacklick Ridge Homeowners Association, Inc., Sate of Ohio, Department of Taxation, and City of Columbus Division of Income Tax claims some right, title, interest or lien upon the premises described herein, as set forth in their Answers filed herein, but that any right, title, interest, claim or lien said Defendants may have is inferior and subsequent to the lien of Plaintiff.

The Court makes no finding at this time as to the right, title, interest or lien of said Defendants as set forth in their Answers filed herein, except to note that such claim, right, title, interest or lien of said Defendants is hereby ordered transferred to the proceeds derived from the sale of said premises, after the payment of costs of the within action, taxes due and payable and the amount found due Plaintiff, and the same is hereby ordered continued until further order.

* * *

> The Court further finds that there is no just reason for delay in entering judgment herein.
>
> <u>ORDER</u>
>
> It is therefore ORDERED, ADJUDGED and DECREED that unless the sums found due herein, together with the costs of this action be fully paid within three (3) days from the date of the entry of this decree, the equity of redemption and dower of all Defendants in and to said premises shall be foreclosed and that Plaintiff may cause an order of sale to be issued to the Sheriff of Franklin County, directing him to appraise, advertise in a paper of general circulation within the County and sell said premises as upon execution and according to law free and clear of the interest of all parties to this action.

(Emphasis sic.)  (R. 184.)

## II. Assignments of Error

{¶10}  On June 4, 2014, appellant filed a notice of appeal,[1] raising the following assignments of error:

> [I.] The trial court patently and unambiguously lost jurisdiction over the case when it dismissed Appellee's Complaint pursuant to Civ.R. 41(A)(1)(a).
>
> [II.] The trial court abused its discretion by denying Appellant's motion for leave to file an amended answer pursuant to Civ.R. 15(A).
>
> [III.] The trial court erred in granting Appellee's motion for summary judgment because the record indicates that there is a genuine issue of material fact pursuant to Civ.R. 56(C).

## III. Discussion

{¶11}  Prior to addressing any assignments of error, we must determine whether this judgment constitutes a final appealable order as this court may only entertain those appeals from final judgments or orders. *Noble v. Colwell*, 44 Ohio St.3d 92 (1989).  An

---

[1] We note that appellant did not file her appeal within 30 days of the entry.  However, because the docket does not indicate that the trial court's entry was served on the parties, the appeal is timely.  App.R. 4(A).

appellate court may raise, sua sponte, the jurisdictional question of whether an order is final and appealable. *See Chef Italiano Corp. v. Kent State Univ.*, 44 Ohio St.3d 86, 87 (1989). Moreover, we must sua sponte dismiss an appeal that is not from a final appealable order. *See Kopp v. Associated Estates Realty Corp.*, 10th Dist. No. 08AP-819, 2009-Ohio-2595, ¶ 6, citing *Whitaker-Merrell Co. v. Geupel Constr. Co., Inc.*, 29 Ohio St.2d 184, 186 (1972.)

{¶12} The Ohio Constitution, Article IV, Section 3(B)(2) provides that courts of appeals have "such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district." R.C. 2505.03(A) also limits appellate jurisdiction of courts of appeals to the review of final orders, judgments or decrees. *State ex rel. Bd. of State Teachers Retirement Sys. of Ohio v. Davis*, 113 Ohio St.3d 410, 2007-Ohio-2205, ¶ 44. A final order is statutorily defined by R.C. 2505.02, which provides as follows:

> (B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
>
> (1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
>
> (2) A order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
>
> (3) An order that vacates or sets aside a judgment or grants a new trial;
>
> (4) An order that grants or denies a provisional remedy * * *[.]

{¶13} An order of a court is a final appealable order only if the requirements of both R.C. 2505.02 and, if applicable, Civ.R. 54(B) are met. *Engineering Excellence Inc. v. Northland Assocs., LLC*, 10th Dist. No. 10AP-402, 2010-Ohio-6535, ¶ 10, citing *Denham v. New Carlisle*, 86 Ohio St.3d 594, 596 (1999), citing *Chef Italiano* at 88. Civ.R. 54(B) provides that "[w]hen more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim," or when the action involves multiple parties, "the court may enter final judgment as to one or more but fewer than all

of the claims or parties only upon an express determination that there is no just reason for delay." "Thus, in multiple-claim or multiple-party actions, if the court enters judgment as to some, but not all, of the claims and/or parties, the judgment is a final appealable order only upon the express determination that there is no just reason for delay." *In re Estate of L.P.B.*, 10th Dist. No. 11AP-81, 2011-Ohio-4656, ¶ 9. While inserting the language of "no just reason for delay" in an entry is not a "mystical incantation which transforms a nonfinal order into a final appealable order," the language can "transform a final order into a final appealable order." *Wisintainer v. Elcen Power Strut Co.*, 67 Ohio St.3d 352, 354 (1993), citing *Chef Italiano*. When determining whether a judgment or order is final and appealable, an appellate court must determine whether the order is final within the requirements of R.C. 2505.02. And then, if the order satisfies R.C. 2505.02, the court must determine whether Civ.R. 54(B) applies and, if so, whether the order contains a certification that there is no just reason for delay. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 21 (1989). " 'Civ.R. 54(B) does not alter the requirement that an order must be final before it is appealable.' " *Id.*, quoting *Douthitt v. Garrison*, 3 Ohio App.3d 254, 255 (9th Dist.1981).

{¶14} R.C. 2505.02(A)(2) defines a special proceeding as "an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity." Since foreclosure actions were in existence prior to 1853, they are not special proceedings within the context of final appealable orders. *Fifth Third Bank (Central Ohio) v. Banks*, 10th Dist. No. 04AP-860, 2005-Ohio-4972, ¶ 16, citing *Higgins v. West*, 5 Ohio 554 (1832).

{¶15} In this case, the trial court's order also does not meet the requirements of R.C. 2505.02(B)(1). The order did not determine the action because the order did not address the cross-claim of Blacklick Ridge Homeowners Association. In fact, the trial court stated that it was making no finding at that time as to the right, title, interest or lien of defendants as set forth in their answers, except to note that the claim was transferred to the proceeds derived from the sale of said premises, after the payment of costs and taxes and the amount found due Bank of America, and then continued the action until further order. The trial court did not make a finding regarding priority other than prioritizing Bank of America, costs and taxes. Then the trial court continued the matter. "Typically, a

judgment entry ordering the foreclosure of property and the distribution of the proceeds to the various claimants is a final appealable order.  * * * A number of appellate courts, though, have determined that a judgment entry ordering a foreclosure sale is not final and appealable unless it resolves *all* of the issues involved in the foreclosure, including the following:  whether an order of sale is to be issued; what other liens must be marshaled before distribution is ordered; the priority of any such liens; and the amounts that are due the various claimants."  (Emphasis sic.)  *Second Natl. Bank of Warren v. Walling*, 7th Dist. No. 01-CA-62, 2002-Ohio-3852, ¶ 18.

{¶16}  As noted above, the final order at issue in this appeal does not resolve the Blacklick Ridge Homeowners Association cross-claim; therefore, it is not a final appealable order.  *See Whipps v. Ryan*, 10th Dist. No. 12AP-509, 2013-Ohio-4334, ¶ 32.

**IV. Conclusion**

{¶17}  Having determined that we lack jurisdiction to review the order, which does not constitute a final appealable order under R.C. 2505.02, we dismiss the appeal.

*Appeal dismissed.*

TYACK and LUPER SCHUSTER, JJ., concur.

————————————