[Cite as *Wilson v. Montgomery*, 2026-Ohio-1434.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Joyce Wilson, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 25AP-318 |
| v. | : | (C.P.C. No. 23JU-12776) |
| Keathen Montgomery et al., | : | (REGULAR CALENDAR) |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on April 21, 2026

**On brief:** *Leo P. Ross*, for appellant. **Argued:** *Leo P. Ross.*

**On brief:** *Thomas M. McCash*, for appellee.

APPEAL from the Franklin County Court of Common Pleas
Division of Domestic Relations and Juvenile Branch

BOGGS, P.J.

{¶ 1} Plaintiff-appellant, Joyce Wilson, appeals the March 27, 2025 decision and judgment entry of the Franklin County Court of Common Pleas, Division of Domestic Relations and Juvenile Branch, which granted, in part, the motion for relief from judgment of defendant-appellee, Kelly Moore, and denied Joyce's motion to reconsider. For the following reasons, we affirm the trial court's judgment.

## I. PROCEDURAL HISTORY AND FACTS

{¶ 2} On December 22, 2023, Joyce, the maternal grandmother of L.M., born October 6, 2010, and L.M., born March 19, 2012, filed a complaint for custody of her two grandchildren. In her complaint, docketed as case No. 23JU-12-12776, Joyce stated that the minor children's mother, Tierra Wilson, was killed in a car accident on March 17, 2022, and that, prior to her death, Tierra and the two minor children had lived with Joyce. Joyce's complaint and attached affidavit asserted that defendant-appellee, Keathen Montgomery, was the biological father of both children, though he "has failed to support or meaningfully

communicate with said minor children for more than one year." (Dec. 22, 2023 Compl. at 1.) Joyce also stated that Tierra and Keathen were never married, that Keathen had executed affidavits acknowledging paternity of both minor children at their births, and that Keathen had no known current address.

{¶ 3} On February 16, 2024, the magistrate issued a judgment entry awarding custody of both minor children to Joyce. The magistrate found that there was no suitable parent available to care for the two minor children and that it was in the best interests of the children to be in Joyce's legal custody.

{¶ 4} On March 29, 2024, Kelly Moore filed a motion to intervene and a motion for permission to file a motion for relief from judgment, pursuant to Civ.R. 60(B)(3) and (5), in case No. 23JU-12776. Kelly attached to his motions to intervene and for permission a copy of his Civ.R. 60(B) motion for relief from judgment. In his motions, Kelly argued that he was the putative of the elder L.M., and that Joyce had knowingly perpetrated fraud upon the trial court and attempted to deprive him of his substantive and constitutional rights as a father. Kelly stated that he had filed a motion for allocation of parental rights and a motion for genetic testing for the elder L.M. in a separate case—case No. 23JU-10625—on October 20, 2023. Kelly noted that Joyce was served in the earlier case on November 6, 2023, and that her attorney filed an answer and counterclaim on November 27, 2023, and was thus aware of the earlier case. Kelly further argued that he and Joyce, through her counsel, participated in a status hearing in case No. 23JU-10625 on December 12, 2023, wherein Joyce's counsel claimed that another case had already been filed. However, Joyce did not file her complaint in case No. 23JU-12776, the case we now consider on appeal, until December 22, 2023, ten days after the status hearing in the earlier case.

{¶ 5} On February 26, 2025, the trial court issued a judgment entry stating

> [t]he two actions of relevance to the motions herein are #23JU-10625, *Complaint for Custody* and other relief filed by Kelly Moore on October 20, 2023, and #23JU-12776, *Complaint for Custody* and other relief filed by Maternal Grandmother, Joyce Wilson, on December 22, 2023. Case #23JU-10625 was pending until dismissed on January 16, 2025,[1] therefore the case was open at the time of filing of case #23JU-12776. Both

---

[1] The January 16, 2025 magistrate's decision and entry in case No. 23JU-10625 indicates that the case was dismissed for failure to prosecute and that the case was "not properly filed because there are already orders for this child under case #23JU-12-12776." (Jan. 16, 2025 Mag.'s Decision & Entry at 1.)

cases addressed the same children and litigants but for Kelly Moore. A review of the file in #23JU-12776 does not reflect that #23JU-10625 noted in the parenting affidavit, specifically paragraph 3, no other pending cases. In so doing, Maternal Grandmother precluded Kelly Moore's ability to present his claims. Without weighing in on Kelly Moore's claims one way or another, the Court finds Kelly Moore has the right to file for relief.

(Footnote added.)  (Emphasis in original.)  (Feb. 26, 2025 Jgmt. Entry at 1-2.)  The trial court granted Kelly's motion to intervene and stated that, as a party, Kelly had the right to file his motion for relief from judgment.

{¶ 6}  On March 3, 2025, Joyce filed a motion to reconsider the trial court's February 26, 2025 judgment entry.  On March 27, 2025, the trial court issued a decision and judgment entry granting Kelly's motion for relief from judgment, ordering Joyce to produce the elder L.M. for genetic testing, and denying Joyce's motion to reconsider.  Joyce now appeals.

## II. ASSIGNMENTS OF ERROR

{¶ 7}  Joyce argues the following three assignments of error:

[1.] The trial court's order for [L.M.] to submit to genetic testing is void and unenforceable.

[2.] Intervention should not have been granted in this matter due to intervenor's failure to comply with Ohio Rule of Civil Procedure 24(C).

[3.] Intervenor's motion to intervene is substantively flawed because the intervenor cannot meet the elements of intervention.

## III.  ANALYSIS

### A.  Assignment of error No. 1

{¶ 8}  In her first assignment of error, Joyce argues that the trial court lacked jurisdiction to order the elder L.M. to submit to genetic testing, and, therefore, its order is void and unenforceable.  Specifically, Joyce argues that Keathen established paternity by signing an affidavit in 2010 at L.M.'s birth and that, under the Ohio Parentage Act, Kelly cannot establish paternity now.  We do not agree.

{¶ 9}  In Ohio, parentage is primarily governed by statute.  *S.N. v. M.B.*, 2010-Ohio-2479, ¶ 23 (10th Dist.).  The father-child relationship may be legally established in Ohio by

an acknowledgment of paternity. *See* R.C. 3111.20 through 3111.35. An acknowledgment of paternity occurs when a man affirms under oath, on a government prescribed form, that he is the natural father of the named child. *See* R.C. 3111.31. Pursuant to R.C. 3111.25, an acknowledgement of paternity becomes final and enforceable without ratification of the court when the acknowledgement has been entered into the birth registry and the 60-day time for rescission under R.C. 3111.27 has passed. *Clark v. Malicote*, 2011-Ohio-1874, ¶ 12, fn. 3 (12th Dist.). After the acknowledgment of paternity becomes final, the acknowledgment may be rescinded pursuant to R.C. 3111.28 on the basis of fraud, duress, or material mistake of fact. An action under R.C. 3111.28, however, must be filed within one year of the acknowledgment becoming final.

{¶ 10} Here, Joyce argues that Kelly has challenged the acknowledgement of paternity far too late, as the acknowledgment of paternity for the elder L.M. was executed in 2010 and Kelly did not challenge the acknowledgement within one year of it becoming final. However, we note that R.C. 3119.962 provides an additional mechanism to rescind an acknowledgment of paternity, and unlike R.C. 3111.28, R.C. 3119.962 does not contain a restriction that the action be commenced by a certain time. Pursuant to R.C. 3119.962, a court may grant relief from an acknowledgment of paternity that has become final if genetic testing shows no probability that the person who acknowledged paternity is the natural father of the child. *Angus v. Angus*, 2015-Ohio-2538, ¶ 20 (10th Dist.). Under that statue, should genetic testing show that Keathen is not the natural father of the elder L.M., Kelly would have an avenue to pursue relief.

{¶ 11} The Supreme Court of the United States, as well as Ohio courts, have long recognized that biological parents have a right to raise their own child. *Santosky v. Kramer*, 455 U.S. 745, 753 (1982) ("The fundamental liberty interest of natural parents in the care, custody, and management of their child does not evaporate simply because they have not been model parents."); *see also Harrold v. Collier*, 107 Ohio St.3d 44, 50 (2005) ("parents have a fundamental liberty interest in the care, custody, and management of their children"); *In re T.J.*, 2010-Ohio-4191, ¶ 9 (10th Dist.). Those rights and interests, however, are not absolute, and a parent's natural rights are always subject to the ultimate welfare of the child. *In re E.C.*, 2023-Ohio-2072, ¶ 24 (10th Dist.), citing *In re Cunningham*, 59 Ohio St.2d 100, 106 (1979). Other Ohio courts have noted that "it is not necessarily in [the

child]'s best interests to 'perpetuate the fiction that [the presumed father] is [the] father, when in fact he is not.' " *Clark v. Malicote,* 2011-Ohio-1874, at ¶ 23 (12th Dist.), quoting *Taylor v. Haven,* 91 Ohio App.3d 846, 852 (12th Dist. 1993). *See also Strack v. Pelton*, 70 Ohio St.3d 172, 175 (1994) (Pfeifer, J., dissenting) ("[t]here is no reason for this court to indulge in a legal fiction which forces the parties involved to continue living a lie").

{¶ 12} With R.C. 3119.962 as an avenue of possible relief available to Kelly, we do not find the trial court's granting of his motion for relief from judgment constitutes an abuse of discretion nor do we hold that the trial court's order of genetic testing is void. Accordingly, we overrule Joyce's first assignment of error.

**B. Assignments of error No. 2 and 3**

{¶ 13} In her second and third assignments of error, Joyce argues the trial court erred in granting Kelly's motion to intervene.

{¶ 14} Before we can reach Joyce's assignments of error regarding Kelly's motion to intervene, we note that Kelly argues that Joyce did not appeal the trial court's decision to grant his motion to intervene, and the time to do so has expired. However, Joyce argues that the granting of the motion to intervene was not a final, appealable order. We agree. Pursuant to Section 3(B)(2), Article IV of the Ohio Constitution, this court's appellate jurisdiction is limited to the review of final orders of lower courts. R.C. 2505.02(B)(1) through (2) defines a final order, in pertinent part, as follows:

> An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
>
> (1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
>
> (2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment[.]

{¶ 15} This court has previously noted that while a denial of a motion to intervene may be a final, appealable order, the *granting* of a motion to intervene is not.

> Because the order granting the motion to intervene does not involve a substantial right, does not determine the action and prevent a judgment, and was not made in a special proceeding, it is not a final, appealable order. Indeed, this court has previously held that, "while the *denial* of a motion to intervene

> is a final, appealable order, the *granting* of such a motion is not a final order." *Okey v. Worthington City Schools*, . . . 2000 Ohio App. LEXIS 3585, [] *5 [(Aug. 10, 2000 10th Dist.)]. (Emphasis sic.) . . . See, also, *Wilson v. Maurer*, . . . 1992 Ohio App. LEXIS 220 [(Jan. 21, 1992 10th Dist.)]; *Jump v. Manchester Ins. & Indem*[*n*]. *Co.*, . . . 1991 Ohio App. LEXIS 5382 [(Nov. 5, 1991 10th Dist.)]; *Fouche v. Denihan*, 66 Ohio App. 3d 120 [(1990)].

*Fifth Third Bank v. Banks*, 2005-Ohio-4972, ¶ 17 (10th Dist.). Accordingly, we conclude that Joyce has properly raised assignments of error relating to the trial court's grant of Kelly's motion to intervene in this appeal from the trial court's March 27, 2025 final judgment entry.

{¶ **16**} We therefore turn to our analysis of Joyce's second and third assignments of error. Joyce argues that Kelly did not attach to his motion to intervene a pleading which set forth his claims and, therefore, that the trial court erred in granting his motion to intervene. Joyce directs this court to Supreme Court of Ohio cases involving denied motions to intervene, where the movant did not attach a pleading. *See Tatman v. Fairfield Cty. Bd. of Elections*, 2004-Ohio-3701; *State ex rel. Geauga Cty. Bd. of Commrs. v. Milligan*, 2003-Ohio-6608; *State ex rel. Wilkinson v. Reed*, 2003-Ohio-2506.

{¶ **17**} We review a trial court's resolution of a motion to intervene under an abuse of discretion analysis. *State ex rel. Merrill v. Ohio Dept. of Natural Resources*, 2011-Ohio-4612, ¶ 41, citing *State ex rel. First New Shiloh Baptist Church v. Meagher*, 1998-Ohio-192, fn. 1. A reviewing court will not reverse a judgment for an abuse of discretion absent a determination that the decision was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). This court "must construe Civ.R. 24 liberally to permit intervention." *Whitehall v. Olander*, 2014-Ohio-4066, ¶ 34 (10th Dist.), citing *Merrill* at ¶ 41, citing *State ex rel. SuperAmerica Group v. Licking Cty. Bd. of Elections*, 1997-Ohio-347.

{¶ **18**} Civ.R. 24(A) discusses intervention of right and states that "[u]pon timely application anyone may be permitted to intervene in an action" under certain circumstances, while Civ.R. 24(B) governs permissive intervention when a statute confers a right to intervene or when an applicant's claim and the main action have a common question of law or fact. Civ.R. 24(C) states that

> [a] person desiring to intervene shall serve a motion to intervene upon the parties as provided in Civ.R. 5. The motion and any supporting memorandum shall state the grounds for intervention and shall be accompanied by a pleading, as defined in Civ.R. 7(A), setting forth the claim or defense for which intervention is sought. The same procedure shall be followed when a statute of this state gives a right to intervene.

{¶ 19} While Kelly did not support his motion with a pleading as required by Civ.R. 7(A), we nevertheless do not find that the trial court abused its discretion in granting Kelly's motion to intervene. We look to *Crittenden Court Apt. Assoc. v. Jacobson/Reliance*, 2005-Ohio-1993 (8th Dist.). There, the Eighth District Court of Appeals found that failing to attach a pleading was not fatal to the movant:

> [I]n regard to the procedural issue of [a movant's] failure to attach an intervening complaint to its motion, we do not find that circumstance to be fatal to [the movant's] motion to intervene. Indeed, the trial court did not base its denial of [the] motion on the lack of an attached complaint. Further, the purpose for which [the movant] sought to intervene was clearly set forth in its motion and did not include the addition of any new liability or damages issues to the litigation.

*Id.* at ¶ 14.

{¶ 20} Our examination of Kelly's March 29, 2024 motion to intervene reveals that it clearly set forth the basis for which he sought to intervene—namely that the trial court's prior order significantly impacted his rights as a putative father in establishing his parental rights. Kelly stated that "maternal grandmother has tried to thwart [his] attempts to have genetic testing performed[,] and it[']s highly probable that this case filing and [Joyce's] willful failure to disclose the [previous] case[']s existence was designed to make an end run around [his] rights." (Mar. 29, 2024 Mot. to Intervene at 4.) Kelly

> request[ed] that he be added as a party in this case, tha[t] he be permitted to file, forthwith, his Motion For Relief From Judgment Pursuant To Civ.R. 60 (B)(3) & (5), that pursuant to the above motion, the February 6, 2024 order for permanent custody as it relates to [L.M.] be vacated, temporary custody of [L.M.] be given to maternal grandmother during the further proceedings in this case and that either this case be transferred to Judge Brown/Magistrate Martello or that case 23JU010625 be transferred to Judge Hawkins/Magistrate Martello and the cases consolidated.

*Id.*

{¶ 21} As we have noted, courts are to construe Civ.R. 24 liberally to permit intervention and, much like the Eighth District in *Crittenden*, we do not find that Kelly's failure to attach a pleading is fatal, as his motion made clear Kelly's purpose for intervening. Under these circumstances, and in light of the fundamental interests at stake and the question of fraud precluding Kelly from arguing for those interests, we do not find the trial court abused its discretion in granting Kelly's motion to intervene.

{¶ 22} Joyce also argues that Kelly's motion to intervene was not timely, based on the temporal restrictions in R.C. 3111.28. However, as we have previously discussed, we do not find that Kelly was time-barred under R.C. 3119.962, and we again disagree with Joyce's argument. Accordingly, we overrule Joyce's second and third assignments of error.

## IV. CONCLUSION

{¶ 23} Having overruled all three of Joyce's assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations and Juvenile Branch.

*Judgment affirmed.*

JAMISON and DINGUS, JJ., concur.

———————————